FILED
2025 Sep-24 PM 01:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **NO. 2:22-cr-35-MHH-GMB** |
| | ) | |
| **GARY RAPP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT MOTION FOR TURNOVER OF ASSETS**

The United States of America and Defendant Gary Rapp jointly move the Court to issue an Order under the All Writs Act, 28 U.S.C. § 1651, requiring the Department of the Treasury to transfer funds held in Defendant Rapp's financial accounts seized in the above-referenced case to the Clerk of Court for the Northern District of Alabama to be applied to Defendant Rapp's restitution obligations to the Internal Revenue Service.

## I. BACKGROUND

Defendant Rapp pleaded guilty to Counts One (18 U.S.C. § 371, Conspiracy to Operate an Illegal Gambling Business) and 94 (18 U.S.C. § 1956(h), Money Laundering Conspiracy) of the Second Superseding Indictment. (Doc. 14). Prior to the Indictment, the United States obtained seizure warrants on several of Defendant's financial accounts. Through execution of the seizure warrants, the

United States' Department of Treasury is in current physical control of the following assets:

a. Contents of the Bank of America Acct. No. X7654 ($112,493.93 approximate current balance);
b. Contents of the TD Ameritrade Acct. No. X0505 ($49,788.27 approximate current balance);
c. Contents of the TD Ameritrade Acct. No. X9260 ($1,790,425.60 approximate current balance);
d. Contents of the Simmons Bank Acct. No. X6154 ($37,561.88 approximate current balance);
e. Contents of the U.S. Bank Account No. X1726 ($28,310.07 approximate current balance).

Pursuant to the signed Plea Agreement (Doc. 336), Defendant Rapp has agreed to pay restitution to the victim, the IRS, in the amount of $2,638,646.14. Accordingly, Defendant Rapp and the United States wish to transfer these assets to the Clerk of Court in the form of a certified check so that these funds may be applied toward the anticipated restitution order to be entered at sentencing. While the traditional statutory forfeiture process is available and, with multiple additional steps, could potentially be applied to the restitution, the process currently requested by both parties will involve less Government resources, be faster, and ensure the funds are applied to Defendant Rapp's restitution obligation.

## II. <u>LEGAL ARGUMENT</u>

Federal courts are authorized under the All Writs Act, 28 U.S.C. § 1651, to "issue all writs necessary or appropriate in aid of their respective jurisdictions and

agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The authority conferred by the Act includes the authority to issue orders to restrain or preserve assets to help maximize the amount of restitution actually recovered. *See, e.g.*, *United States v. Gates*, 777 F. Supp. 1294, 1295 (E.D. Va. 1991) ("[i]n 'freezing' defendant's assets, the court was merely assuring that assets available at the time of conviction would remain so until sentencing, so that the court could properly assess costs and fines under the sentencing guidelines and applicable statutes . . . ."); *United States v. Lockheed Corp.*, No. 1:94-CR-226, 1995 U.S. Dist. LEXIS 22529 (N.D. Ga. Jan. 9, 1995) (court employed All Writs Act to preserve assets for restitution regardless of defendant Suleiman Nassar pleading guilty).

The Act expressly preserves the court's inherent authority. *See In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985). "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without the need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993) (explaining court's inherent power as issuing orders, punishing for contempt, vacating judgments obtained by fraud, conducting

investigations, and more); *see also ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1357 (5th Cir. 1978) (an inherent power of a trial court is to efficiently process to a conclusion the litigation pending before it); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) ("district courts retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner"). The Fifth Circuit summarized: "Both the All Writs Act and the inherent powers doctrine provide a federal court with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute." *Barton*, 569 F.2d at 1359.

The United States has a duty to crime victims—in this case, the IRS—to see that victims receive full and timely restitution as a matter of law. 18 U.S.C. § 3771(a)(6). To do so, the United States needs to take the steps necessary to maximize the amount of restitution that is recovered and paid and ensure the efficient and timely transfer of that restitution. To that end, the Parties jointly request that the Court enter an Order requiring the asserts held by the United States be remitted to the Clerk of Court to satisfy restitution. The requested relief is administratively reasonable; will further the interests of justice as to victim rights; will promote cooperative efforts between the parties, the Court, and others

involved or interested; and will increase efficiency in debt collection.

Accordingly, the Parties request that:

1. The Court order the Department of Treasury, the entity currently holding the following enumerated funds, to turn over:

a. Contents of the Bank of America Acct. No. X7654 ($112,493.93 approximate current balance);
b. Contents of the TD Ameritrade Acct. No. X0505 ($49,788.27 approximate current balance);
c. Contents of the TD Ameritrade Acct. No. X9260 ($1,790,425.60 approximate current balance);
d. Contents of the Simmons Bank Acct. No. X6154 ($37,561.88 approximate current balance);
e. Contents of the U.S. Bank Account No. X1726 ($28,310.07 approximate current balance).

to the United States Clerk of Court for the Northern District of Alabama at 1729 5th Avenue North, Birmingham, Alabama 35203, as funds that will be applied toward Defendant's criminal monetary penalties and restitution as ordered in the above referenced case.

2. The Clerk of Court shall accept the transfer and deposit the funds into a non-interest bearing account until the entry of Judgment, to the extent said entry has not yet occurred.

3. Upon the entry of Judgment against Defendant Rapp and/or its receipt of the funds referenced within this Motion, the Clerk of Court shall transfer the

funds pursuant to the Court's instructions for restitution payments.

## III. CONCLUSION

WHEREFORE, the United States and Defendant Rapp respectfully request that the Court grant the joint request for an Order authorizing the Department of Treasury to turn over the enumerated assets to the Clerk of Court so that the funds may be applied to the restitution ordered for the Defendant.

Respectfully submitted,

PRIM F. ESCALONA
United States Attorney

*_/s/ Catherine Crosby_*
CATHERINE CROSBY
Assistant United States Attorney

United States Attorney's Office
Northern District of Alabama
1801 Fourth Avenue North
Birmingham, AL 35203
205.244.2001
Catherine.crosby@usdoj.gov

*_/s/ Whitt Cooper_*
WHITT COOPER
Counsel for Defendant Rapp

Farese, Farese, & Farese PA
P.O. Box 98
Ashland, MS 38603
Telephone: (662) 224-6211
wcooper@fareselaw.com